1

2

3

4

JS-6

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   MICHAEL HOLM,                          Case No. EDCV 18-01098 JFW (RAOx)

12                   Plaintiff,

13        v.                                ORDER REMANDING ACTION
                                            AND DENYING APPLICATION TO
14   RICHARD EVANS,                         PROCEED WITHOUT PREPAYING
                                            FEES OR COSTS
15                   Defendant.

16

17                                   **I.**

18                      **FACTUAL BACKGROUND**

19        Defendant Richard Evans ("Defendant") removed an unlawful detainer

20   action on May 24, 2018, invoking this Court's federal question and diversity

21   jurisdiction.  Notice of Removal ("Removal"), Dkt. No. 1.  The same day,

22   Defendant filed an Application to Proceed Without Prepaying Fees or Costs.  Dkt.

23   No. 3.

24        The Notice of Removal states that Plaintiff Michael Holms ("Plaintiff") filed

25   an unlawful detainer action against Defendant in Riverside County Superior Court

26   on or about April 6, 2018, concerning real property located in Riverside,

27

28

California.[1]  Removal at 1-2.  Defendant asserts in the Notice of Removal that this Court has jurisdiction over the unlawful detainer action based on a federal question and diversity of citizenship.  *Id.* at 3, 5.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute.  *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue.  *Cf., Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Further, a "strong presumption" against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendant asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1441.  Removal at 3, 5.  Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction.  *See* 28 U.S.C. § 1441(a).  Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

---

[1] Defendant did not attach the unlawful detainer complaint to his Notice of Removal.

States." *See id.* § 1331. Section 1332 provides, in relevant part, that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . ., and is between—citizens of different states." *See id*. § 1332(a)(1).

Here, the Court's review of the Notice of Removal makes clear that this Court has neither federal question nor diversity jurisdiction over the instant matter. Nothing in the Notice of Removal supports that the unlawful detainer action at issue could have been brought in federal court on the basis of federal question or diversity jurisdiction, and therefore removal was improper. See 28 U.S.C. 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

First, there is no federal question apparent in Plaintiff's unlawful detainer action, as described in the Notice of Removal. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D.Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

Further, there is no merit to Defendant's contention that federal question jurisdiction exists because defenses to the pending state court action involve matters of federal law. Removal at 3, 5. It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar,* 482 U.S. at 393, 107 S. Ct. at 2430. Thus, to the extent Defendant's defenses to the unlawful

3

detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. *See id.*

Second, there is no basis for diversity of citizenship jurisdiction because Plaintiff and Defendant reside in Riverside, California, and thus are both citizens of California. *See* Removal at 1, 4; *see also Lincoln Property Co. v. Roche*, 546 U.S. 81, 88-94, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005) (removal of state action based on diversity jurisdiction proper if complete diversity between plaintiff and defendant exists and defendant is not a citizen of the forum State).

## II.

## CONCLUSION

Accordingly, IT IS ORDERED: (1) this case is REMANDED to the Superior Court of California, County of Riverside forthwith.

IT IS FURTHER ORDERED that Defendant's Application to Proceed Without Prepaying Fees and Costs is DENIED as moot.

IT IS SO ORDERED.

DATED: May 30, 2018

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

4